STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of Linda Boisvert and   }   Docket No. 193-8-02 Vtec
Hugh McGee             }
                      }
                      }
                      }

Decision and Order

Appellants Linda Boisvert and Hugh McGee appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of West Haven, denying their subdivision application for lack of sufficient frontage and declining to act on their application for a variance from the frontage requirements.

Appellants appeared and represented themselves; the Town of West Haven is represented by John S. Liccardi, Esq., and Interested Persons Peter Doran and Sharon Ryan represented themselves. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants own a 52-acre parcel of land in the Agricultural (Rural) zoning district, with approximately 1690 feet of frontage on Route 22A and tapering back in a wedge shape away from the road. Their residence is located on the parcel on what is proposed as the front lot of the proposed subdivision. In that district, the required minimum frontage " on a public road or public waters" is 1000 feet and the minimum lot size is 25 acres.

A small stream runs through the parcel roughly parallel to the road, so that an approximately 25-acre parcel lies on the road side of the stream and an approximately 27-acre parcel lies on the other side of the stream. Appellants propose to divide the properties along the line of the stream, with access to the back lot by a 100-foot-wide strip of land extending along the side of the front lot, leaving the front lot with 1590 feet of frontage on Route 22A and leaving the back lot with 100 feet of road frontage and with 1091 feet of frontage along the stream.

The stream is as narrow as three feet in places, and varies in depth to as shallow as a foot, depending upon the season. Although it may be possible to float a canoe or other small boat in the stream during periods of high water, the stream runs through a culvert and therefore does not provide access by boat to the property from a boatable river or lake. Without actual access by boat to the proposed back lot via the stream, the stream cannot be considered to be ' public waters' in the sense required for direct frontage under § 703 and § 302. And see the definition of ' public waters as meaning ' navigable' or ' boatable' under 10 V.S.A. § 1422.

Appellants' alternative proposal is to divide the frontage between the lots, so that one lot has 1000 feet of frontage on Route 22A and the other has 790 feet of frontage on Route 22A, requiring a variance for the lot with the reduced amount of frontage. In order to obtain a variance, the application must qualify under all five variance criteria in § 904(A). Even though this proposal would not alter the essential character of the neighborhood nor impair the appropriate use of adjacent property, nor be detrimental to the public welfare, this proposal fails to qualify at least under the first two variance criteria, and therefore fails to qualify for a variance.

First of all, Appellants are making a reasonable use of the property right now, in strict conformity with the zoning regulations, as their primary residence. Therefore, the authorization of the variance is not necessary to make reasonable use of the property. Moreover, the ' hardship' they claim (their inability to divide the property into two lots due to the lack of frontage) is entirely due to the circumstances generally created by the frontage provisions of the zoning regulations for this district, and not because of any unique physical circumstances of lot size, shape or topography.

Appellants believe that they also applied for approval of access to the back lot under § 703, by showing the access by a 100-foot-wide strip of land in the sketch plan that portrayed the frontage along the stream. However, they did not do so. If they wish to apply for access to the back lot along a right-of-way or easement across the front lot, they must make that application specifically, so that the appropriate town body can rule on it.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the stream on Appellants' property does not satisfy the requirement for frontage on ' public waters,' and that therefore Appellants' application for subdivision approval was properly denied by the ZBA. Further, based on the evidence presented in this proceeding, Appellants do not qualify for a variance of the frontage requirements of the ordinance. This decision is without prejudice to Appellants' making an application for approval of access to the proposed back lot via a right-of-way as provided in § 703.

Dated at Barre, Vermont, this 5th day of May, 2003.

_____

Merideth Wright
Environmental Judge

**Footnotes**